# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,      :      Case No. 3:05-cr-184

                                     District Judge Walter Herbert Rice
   -vs-                       Magistrate Judge Michael R. Merz

                        :

MARK J. THORNTON,

      Defendant.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO AMEND

This case is before the Court on Defendant's second Motion to Amend (Doc. No. 237). He proposes to add two claims for relief:

1. Trial counsel was ineffective of counsel by failing to object to government failed [sic] to submit to the jury finding of the element of aiding and abetting on the verdict sheet.

2. Trial counsel was ineffective of counsel [sic] by failing to object that the government had failed to establish before the jury beyond a reasonable doubt the amount of drugs the defendant possess [sic].

*Id.* at PageID 2545, 2547.

Because Defendant has already amended his § 2255 Motion once, he requires Court permission to amend again. 28 U.S.C. § 2242 provides that a habeas corpus petition may be amended "as provided in the rules of procedure applicable to civil actions." There is no specific parallel provision in § 2255 itself, but that section is part of the chapter on habeas corpus and § 2242 is therefore presumably applicable.

1

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962)*; Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990).

An amendment would be futile if the new claims were barred by the statute of limitations, a preclusive affirmative defense. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a one-year statute of limitations for § 2255 motions and the year runs, with exceptions not material in this case, from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). The judgment of conviction in this case became final on May 24, 2010, when the United States Supreme Court denied Defendant's petition for writ of certiorari (Doc. No. 207). Therefore the one-year statute of limitations ran on

2

May 24, 2011. The instant Motion to Amend was not filed until December 20, 2011, well after the statute ran. Therefore the amended survives the bar of the statute of limitations only if it relates back to the date of filing of the original Motion in April 2011.

The Supreme Court has held that

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Defendant argues the first of the amended claims does relate back, stating "[t]he defendant claim [sic] relate back to the original pleading before this court that trial counsel failed to object to the government constructive amendment of the indictment." The relevant prior claim is Claim No. 4 in the first amendment to the original Motion which reads:

> Counsel failed to object to the Court's jury instruction charging Petitioner with aiding and abetting without the charge being presented at a grand jury proceeding in order for the Petitioner to prepare a defense.

(Motion, Doc. No. 221-1, PageID 2451)

The Court finds that the first proposed new claim meets the *Mayle v. Felix* standard. Both claims are about trial counsel ineffectiveness. While the theory of the two claims is different, the time when trial counsel should have acted (if he should have acted at all) is the same for both claims. Therefore the Motion to Amend (Doc. No. 221) is granted as to the first proposed claim.

The second proposed claim to be added is ineffective assistance of trial counsel for failure to object to lack of proof beyond a reasonable doubt of the amount of drugs Defendant possessed. Count One charges a conspiracy to distribute in excess of five kilograms of cocaine and fifty grams of crack cocaine; Count Three charges possession with intent to distribute in excess of five hundreds grams of cocaine. Therefore each of these offenses requires proof of a drug amount.

Assuming that the Government did not present sufficient evidence on the amounts on these counts, counsel should have made motions for judgment of acquittal.  However, there is no similar claim in the original § 2255 Motion or in the timely first amendment to which this claim can relate back in terms of time or type of claim.  It is not sufficient that this is a claim of ineffective assistance of trial counsel and most of the original claims are also based on that theory because claims of ineffective assistance of trial counsel can relate to myriad places in the criminal process where an attorney has failed to perform in accordance with standards.

    Because it does not relate back and indeed Defendant makes no attempt to show a relation back, the second proposed additional claim cannot be added because it is barred by the statute of limitations.

March 13, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge
