# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,     :     Case No. 3:05-cr-184

                                    District Judge Walter Herbert Rice
   -vs-                                  Magistrate Judge Michael R. Merz
                              :

MARK J. THORNTON,

    Defendant.

## ORDER

       This case came on for telephone conference at 9:30 A.M. on Thursday, May 2, 2013. Assistant United States Attorneys Vipal Patel and Brent Tabacchi participated on behalf of the United States; Carla J. Morman participated on behalf of Defendant.

       The case is pending on Defendant's Motion for Evidentiary Hearing (Doc. No. 252). Ms. Morman advised that the representations made therein about testimony of witnesses are based on interviews conducted by Ms. Morman or her investigator, but that none of the witnesses have been deposed. As to Mr. Thornton, the Motion represents "Petitioner reserves the right to testify on his own behalf regarding his claims." (Motion, Doc. No. 252, PageID 2586). Defendant is advised that the Court will not issue a writ of habeas corpus ad testificandum to obtain Defendant's presence for an evidentiary hearing without a representation for the record that Defendant will testify and what the substance of his testimony will be. The Court cannot presently imagine a set of circumstances in which it would be likely to credit a claim that Mr. Thornton had communicated names of witnesses to his trial counsel and that it was ineffective

1

assistance of trial counsel to fail to call those witnesses without Mr. Thornton's sworn testimony identifying those witnesses. According to the Motion, Thornton's trial attorney, Charles Slicer, is not expected to testify on that issue. *Id.* at PageID 2585. Mr. Thornton is reminded that he has waived attorney-client privilege as to communications with Mr. Slicer on issues as to which he accuses Mr. Slicer of ineffective assistance of trial counsel.

On April 22, 2013, Defendant filed an Amended Motion to Vacate (Doc. No. 255). The Motion was filed without the consent of counsel for the United States and, despite Ms. Morman's representation that this pleading was merely intended to accumulate the various claims which had previously been allowed, government counsel did not consent orally during the conference. Filing a consolidated § 2255 motion is desirable for ease of reference. However, an amended motion is permitted only under the circumstances outlined in Fed. R. Civ. P. 15, to wit, consent of the opponent or court permission. See Rule 12, Rules Governing § 2255 Proceedings. Because the Amended Motion was filed without meeting either of those conditions, the Amended Motion is STRICKEN without prejudice to its refiling after meeting either of those conditions.

The Clerk is ORDERED to administratively close Case No. 3:13-cv-127. No new civil case should be opened upon the filing of an amended § 2255 motion.

The United States opposes the Motion for Evidentiary Hearing; its memorandum in opposition is due to be filed not later than May 16, 2013. Assuming the government files on that date, Defendant's reply memorandum will be due on June 3, 2013, the date now set for evidentiary hearing. To allow orderly consideration of the issues presented by the Motion, the evidentiary hearing date of June 3, 2013, is VACATED and will be re-set after the Motion is decided, provided a hearing is ordered.

Petitioner's Motion for Leave to File *pro se* Supplemental Addendum to the Motion for Evidentiary Hearing (Doc. No.253) is GRANTED.

The case is also before the Court on Defendant's Motion for In Camera Inspection of Grand Jury Testimony (Doc. No. 256). As noted by Mr. Patel, Judge Rice already denied a prior motion to this effect (Transcript of Proceedings on September 12, 2007, Doc. No. 180.) Mr. Tabacchi confirmed that the search warrant affiant did not testify before the grand jury and that, to the best of his knowledge, the unnamed light-skinned black male referred to in that affidavit has never been identified. The Motion is therefore denied with the understanding that Mr. Tabacchi will attempt to confirm the lack of identification.

May 2, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge